[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11855

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANZAVIERAN DURAND THURMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00103-TPB-MRM-1

_____

Before LUCK, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Danzavieran Thurman appeals the procedural and substantive reasonableness of his 120-month sentence. The sentence was imposed after Thurman pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). No reversible error has been shown; we affirm.

After Thurman pleaded guilty to the felon-in-possession offense, a probation officer prepared a Presentence Investigation Report ("PSI"). The PSI described the offense conduct as involving an armed home invasion robbery. During the robbery, two armed men -- one of whom was later identified as Thurman -- held a woman and her two minor children at gunpoint. One of the men also struck the female victim twice in the head with his gun. The men then stole various items from the victim's house, including electronics, jewelry, and $12,000 in cash.

The PSI assigned Thurman a criminal history category of VI based on Thurman's prior convictions for attempted robbery, lewd exhibition, battery, resisting an officer without violence, and for the possession and sale of drugs. Based on Thurman's criminal history category of VI, the total offense level of 25, and the applicable statutory-maximum sentence, Thurman's advisory guidelines range was calculated as 110 to 120 months' imprisonment. Neither party objected to the PSI.

At the sentencing hearing, the district court accepted the PSI's calculation of the applicable guidelines range. After considering the parties' arguments at sentencing, the totality of the circumstances, and the 18 U.S.C. § 3553(a) factors, the district court sentenced Thurman to 120 months' imprisonment.

On appeal, Thurman first challenges the procedural reasonableness of his sentence.[*] Thurman contends that the district court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Thurman also argues that the district court failed to explain adequately the reasons for imposing the chosen sentence.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). When reviewing a sentence for procedural reasonableness, we review *de novo* legal questions and review for clear error the district court's factual findings. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004).

A sentence may be procedurally unreasonable if the district court calculates incorrectly the guidelines range, treats the guidelines as mandatory, fails to consider the section 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain the chosen sentence. *United States v. Gonzalez*, 550 F.3d 1319,

---

[*] The government contends that Thurman's procedural-reasonableness argument should be reviewed only for plain error because Thurman never raised expressly the specific objections he now raises on appeal. We need not decide this issue, however, because we conclude that Thurman's argument fails under an abuse-of-discretion standard.

1323 (11th Cir. 2008). The district court may base its findings of fact on undisputed statements in the PSI. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).

Thurman has failed to demonstrate that his sentence is procedurally unsound. In imposing Thurman's sentence, the district court said it had considered the parties' arguments, the undisputed information in the PSI, and the advisory guidelines. The district court also said expressly that it had considered "all the factors identified in Title 18 U.S. Code section 3553(a)(1) through (7)" and had determined that the chosen sentence was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing." The district court then explained that a statutory-maximum sentence of 120 months was appropriate given that Thurman committed the instant felon-in-possession offense less than 5 months after being released from prison.

This language demonstrates sufficiently that the district court considered the section 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007) ("The district court need not state on the record that it has explicitly considered each [section 3553(a)] factor and need not discuss each factor. . . . Rather, an acknowledgement by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice."). The district court's explanation for the chosen sentence is also "enough to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority."

*See United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).

Thurman next challenges his sentence as substantively unreasonable. In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the statutory factors in § 3553(a) support the sentence in question." *See Gonzalez*, 550 F.3d at 1324. "The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future crimes. 18 U.S.C. § 3553(a). We will not vacate a sentence on substantive-reasonableness grounds unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See Cabezas-Montano*, 949 F.3d at 611.

Thurman has failed to demonstrate that his sentence substantively is unreasonable. About Thurman's history and characteristics, the district court noted that Thurman's criminal record was "really bad." Thurman's first adult conviction was for a 2002

attempted robbery committed when Thurman was 15 years' old. Thurman was sentenced to ten years' imprisonment. While incarcerated, Thurman incurred 47 disciplinary violations, including a violation for lewd exhibition: an offense for which Thurman was convicted and sentenced to an additional 18 months' imprisonment. Within eight months of his release from prison in September 2013, Thurman had three arrests for drug offenses and for resisting an officer without violence. Thurman was convicted of those offenses and sentenced to three years' imprisonment.

Thurman was released from prison in June 2017 and -- eight months later -- committed another drug offense. Thurman served a 30-month sentence and was released from prison in May 2020. Four months later, Thurman was involved in a domestic-violence episode during which he choked his pregnant girlfriend. Thurman was convicted for battery and for resisting an officer without violence and was sentenced to one year in prison.

Thurman committed the instant felon-in-possession offense five months after his release from prison in May 2020 and less than three weeks after his arrest for battery and resisting an officer.

Given the serious nature and circumstances of Thurman's instant gun offense and Thurman's extensive criminal history and recidivism, the district court concluded reasonably that the statutory-maximum sentence of 120 months' imprisonment was sufficient and necessary to reflect the seriousness of the offense, to promote respect for the law, to provide adequate deterrence, and to protect the public.

On appeal, Thurman argues that the district court failed to consider adequately Thurman's mental health diagnoses. During the sentencing hearing, the district court acknowledged that Thurman suffered from mental health conditions, including bipolar disorder and schizophrenia. That the district court afforded more weight to some aggravating factors than it did to other mitigating factors does not make Thurman's sentence unreasonable. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and brackets omitted).

Nor did the district court focus improperly on the possible state sentence Thurman might have faced had he been prosecuted for the underlying armed-home-invasion-robbery offense. Although the district court inquired about the outcome of Thurman's state prosecution, the district court explained that it was seeking to determine whether Thurman had a related state conviction and sentence stemming from the October 2020 offense conduct.

On this record, we cannot conclude that Thurman's sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors." *See Cabezas-Montano*, 949 F.3d at 611. Thurman has failed to meet his burden of showing that his sentence is unreasonable, either procedurally or substantively.

AFFIRMED.